IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BILL CLINTON YOUNG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE GOVERNMENT OF THE UNITED )<br>STATES OF AMERICA and JENNIFER )<br>TIDWELL, )<br>)<br>Defendants. )<br>_____) | Case No. 15-9461-CM |

**MEMORANDUM AND ORDER**

Plaintiff Bill Clinton Young initially brought this action pro se against the property management company and at least five residents of his senior living center, Cathedral Square Towers (CST) in Kansas City, Missouri. The court granted plaintiff leave to proceed with the case without prepayment of fees pursuant to 28 U.S.C. § 1915. Magistrate Judge James P. O'Hara then screened plaintiff's complaint and found that both personal jurisdiction and venue are improper in this district. Specifically, Judge O'Hara observed that all of the events giving rise to plaintiff's claims occurred at CST—in Missouri. And all named defendants appear to reside in Missouri. Judge O'Hara issued a Report and Recommendation, which recommended that this court transfer the case to the Western District of Missouri pursuant to both 28 U.S.C. § 1406(a) (to cure improper venue) and 28 U.S.C. § 1631 (to cure lack of personal jurisdiction over the named defendants).

Plaintiff did not timely object to the Report and Recommendation. A party who fails to object to the findings and recommendations of a magistrate judge waives the right to do so. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). There are two exceptions to this rule: (1) when a pro se litigant has not been notified of the deadline to object and the consequences of failing to object, *id*., or

(2) when the interests of justice require review, *Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004).

Judge O'Hara informed plaintiff of the time period for objecting and of the consequence for failing to object. (Doc. 7 at 5.) And in this case—particularly when the recommended disposition is transfer rather than dismissal—the interests of justice do not require review. The court therefore finds it appropriate to adopt Judge O'Hara's Report and Recommendation.

Plaintiff did file a document within the time for objecting to the report and recommendation: an amended complaint. In the amended complaint, plaintiff recounts the same events, but appears to substitute two new defendants for all of the Missouri resident defendants. Plaintiff now names Jennifer Tidwell, Regional VII Director HUD Housing, and the United States government as defendants. Although all of the events leading to plaintiff's case still occurred in Missouri, plaintiff asked that Ms. Tidwell be served in Kansas. It is possible that plaintiff was attempting to correct his venue and personal jurisdiction problems by substituting defendants.

To the extent that plaintiff's amended complaint is an attempt to keep the case in Kansas, his effort is unsuccessful. At a minimum, the venue analysis presented by Judge O'Hara remains valid. This case arises out of events that occurred in Kansas City, Missouri. And adding a government employee who works in Kansas does not change the result; venue is proper in the state that certain government employees reside, but plaintiff did not indicate Ms. Tidwell's state of residence. *See* 28 U. S. C. § 1391(e)(1). Even if Judge O'Hara had not recommended that the court transfer the case to cure improper venue, this court would have reached the same conclusion on its own.

**IT IS THEREFORE ORDERED** that the court adopts the Report and Recommendation of Judge O'Hara (Doc. 7).  The Clerk of Court is ordered to transfer this case to the Western District of Missouri pursuant to 28 U.S.C. § 1406(a).

Dated this 1st day of February, 2016, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
